INGERSOLL v. CORAM et al.

(Circuit Court, D. Massachusetts. March 15, 1909.)

No. 552.

APPEAL AND ERROR (§ 1207*) — MANDATE TO LOWER COURT — DECREE—SETTLEMENT.

Decree in equity settled as modified to conform to a mandate of the Supreme Court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4606–4699; Dec. Dig. § 1207.*]

In Equity. Suit by Eva A. Ingersoll, administratrix, against Joseph A. Coram and others. Settlement of decree after mandate.

E. N. Harwood and Hollis R. Bailey, for complainant.

Brandeis, Dunbar & Nutter and Horace G. Allen, for defendant Leyson.

PUTNAM, Circuit Judge. The present matter concerns judgment to be entered in accordance with the opinion in Ingersoll v. Coram, found in 211 U. S. 335, 29 Sup. Ct. 92, 53 L. Ed. 208. In accordance with the judgment of the Supreme Court, the opinion comes

down as a part of the mandate. The judgment is to be modified in accordance with that part of the opinion shown at 211 U. S. 369, 370, 29 Sup. Ct. 101 (53 L. Ed. 208), and in no other particular.

In accordance with an order of this court, the complainant filed a draft merely incorporating in the original final decree of this court the single modification required by the Supreme Court.

The respondents were invited to file corrections to the draft decree, according to rule 21 of this court. They filed proposed corrections, apparently based on their own interpretation of sundry expressions in the opinion passed down in the Supreme Court which have no relation to the single particular in which our decree was modified. In order to protect all rights, we leave on file both the complainant's draft decree and the respondent's proposed amendments.

It will be very regretful if, after so long litigation, involving such complicated and difficult matters as we are involved in here, there should be any error of this court in attempting to proceed according to the mandate of the Supreme Court. We think that what the complainant has proposed is correct, with some minor modifications which we will suggest. If we should attempt to go through the opinion and incorporate the amendments required, we might err. We deem it proper and just to throw the responsibility on the complainant at this stage of the case, except so far as we make suggestions otherwise.

The complainant will pass to the clerk a new, clean decree with the following modifications: The Supreme Court has not used the word "supplemented," but the word "modified." The word "supplemented" will be omitted. There will also be stricken out the first paragraph of the draft decree submitted by the complainant, and the following will be inserted:

"Whereas," it is to be here stated that a final decree was entered in the Circuit Court; also that an appeal to the Circuit Court of Appeals had been taken, and that the decree of the Circuit Court was there reversed; that thereupon the case went on certiorari to the Supreme Court, where judgment was entered, and mandate pursuant thereto sent down to this court, bearing date of the 22d day of January, 1909, "wherein, it was declared on December 7, 1908, as follows: 'It is now hereby adjudged and decreed,'" running through to and including the words "remanded to the said Circuit Court." Then proceed as follows: "Whereupon it is now adjudged and decreed that the final decree of this court, duly made and entered on the 3d day of May, 1905, be, and the same is hereby, modified;" then follow along the draft decree as proposed by the complainant to and including the words, "It is further ordered, adjudged, and decreed," at bottom of page 11, striking out everything there now about costs and interest, and inserting nothing additional about costs except what is found in the mandate.

Apparently there was no provision in the judgment of the Supreme Court for any additional costs, except those of that court, $658.95; also there was no special provision for interest, and therefore nothing can be added in regard to interest, although probably the original decree is so drawn that it carries interest on the original judgment.

Perhaps it would have been better to have had the matter of interest expressly covered by the judgment of the Supreme Court as is the usual practice.

The complainant, if she desires, may add at the close that the decree as modified takes effect as of the date of the original final decree, namely, the 3d day of May, 1905.

As soon as the complainant passes in a clean draft of decree which she claims corresponds hereto, the court will direct it to be entered, leaving all further responsibility for correctness thereof on the complainant.